IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL L. WILSON, #316666,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 25-cv-00458-SMY |
| **C. LANZANTE,** | ) |
| **SGT. CHAMBERS,** | ) |
| **and SGT. GARNER,** | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Michael Wilson, an inmate in St. Clair County Jail, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from an inmate attack at the Jail. He seeks money damages. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and filter out portions that are legally frivolous or malicious, fail to state a claim for relief, or request money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-8): Plaintiff brings this action against Officer Lanzante, Sergeant Chambers, and Sergeant Garner for failing to protect him from an inmate attack at St. Clair County Jail. *Id*. at 6. As Officer Lanzante escorted Plaintiff to L Block on February 7th,[1] an inmate threatened to "get" Plaintiff as they passed by the infirmary. Plaintiff immediately told Officer Lanzante that he feared an inmate attack in L Block. However, Officer Lanzante placed Plaintiff in L Block over his objections after explaining that he did not

---

[1] Plaintiff does not disclose the year of his attack, but the parties can sort this out as the case proceeds.

know who was on the other side of the wall. Four days later, several inmates jumped Plaintiff around 11:30 p.m. *Id*. Plaintiff suffered injuries to his head and eyes, and still suffers from vision loss. *Id*. at 8.

Sergeant Chambers and Sergeant Garner placed Plaintiff in the general population after he reported feeling unsafe there. *Id*.

## Discussion

The Court designates the following claim in the *pro se* Complaint:

**Count 1:** Fourteenth or Eighth Amendment claim against Defendants for exhibiting deliberate indifference to a serious risk of harm to Plaintiff's safety posed by other inmates at St. Clair County Jail.

Any other claim mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Count 1

The applicable legal standard for this claim depends upon Plaintiff's status as a pretrial detainee or convicted person on the date of his attack (February 11th). If Plaintiff was a pretrial detainee on that date, the Fourteenth Amendment governs his claim. *See Kemp v. Fulton Cty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To state a claim in this context, a detainee must plausibly allege that: (1) the defendant acted "purposefully, knowingly, or perhaps even recklessly" in relation to the conditions under which the plaintiff was confined; (2) the conditions put the plaintiff in substantial risk of an inmate attack; (3) the defendant did not take reasonable steps to abate the risk, even though a reasonable officer in the

circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures the defendant caused the plaintiff's injuries. *Id*. at 496.

If Plaintiff was a convicted person on the date of the attack, the Eighth Amendment controls. *Farmer v. Brennan*, 511 U.S. 825 (1994). A plaintiff bringing a failure-to-protect claim against prison officials in this context must set forth allegations indicating that he was incarcerated under conditions posing a substantial risk to his safety and that each defendant responded to the risk with deliberate indifference. *Id*. The plaintiff must identify a specific, impending, and substantial threat; potential attacks from other inmates may constitute a substantial risk of harm. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); *Beatty v. Henshaw*, 826 F. App'x 561, 564 (7th Cir. at 2020); *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (Eighth Amendment protects against future harm to inmates).

Here, Plaintiff's allegations state a claim against Officer Lanzante under both standards. This officer allegedly heard an inmate threatened to "get" Plaintiff, heard Plaintiff's contemporaneous complaint about his safety, and nevertheless placed Plaintiff on the other side of the wall from the inmate who threatened him. Plaintiff was allegedly attacked and injured four days later. Therefore, Count 1 will proceed against Officer Lanzante.

However, this claim will be dismissed against Sergeants Chambers and Garner. Plaintiff's allegations against both defendants are conclusory and insufficient. Plaintiff alleges only that these defendants placed him in the general population after he expressed fear for his safety. (Doc. 1, p. 6). Because the Complaint contains no other allegations against either officer, the Court is unable to determine whether they heard any threats, were aware of any risks to his safety, or were otherwise knowledgeable of a serious risk of harm that he faced in the general population. Their possible supervisory role over Officer Lanzante is not enough to state a claim as Section 1983

liability hinges on personal involvement in a constitutional deprivation and is predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). In other words, the doctrine of *respondeat superior* does not apply. As such, Count 1 will be dismissed as to both sergeants.

## Disposition

The Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will receive further review against Defendant **OFFICER C. LANZANTE**, and this claim is **DISMISSED** without prejudice against Defendants **SERGEANT CHAMBERS** and **SERGEANT GARNER**.

With respect to **COUNT 1**, the Clerk of Court shall prepare for Defendant **OFFICER C. LANZANTE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Sergeant Chambers and Sergeant Garner as defendants in CM/ECF.**

IT IS SO ORDERED.

DATED:  June 3, 2025                    s/ *Staci M. Yandle*
                                        **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. Once defendants enter their appearance and file an Answer to your Complaint, it will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**