IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL L. WILSON,                    )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )      Case No. 3:25-CV-458-MAB
                                      )
CHRISTOPHER LANZANTE,                 )
                                      )
                Defendant.            )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Defendant Christopher Lanzante's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 31). For the reasons explained below, Defendant's motion is GRANTED (*Id.*).

### BACKGROUND

Plaintiff Michael Wilson filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations stemming from an attack he experienced while he was detained at St. Clair County Jail in February 2025 (*see* Docs. 1, 15). Specifically, Plaintiff alleges that on February 7, 2025, Defendant Lanzante was escorting him to L Block (Doc. 15 at p. 1). As Plaintiff and Defendant passed the infirmary, an inmate threatened Plaintiff (*Id.*). Plaintiff immediately told Defendant that he feared an inmate attack in L Block (*Id.*). However, Defendant placed Plaintiff in L Block over his objections (*Id.*). Four days later, several inmates attacked Plaintiff, causing him to suffer numerous injuries (*Id.* at p. 2).

Following a threshold review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claim:

**Count 1**: Fourteenth or Eighth Amendment claim against [Defendant Lanzante] for exhibiting deliberate indifference to a serious risk of harm to Plaintiff's safety posed by other inmates at St. Claire County Jail.

(*Id.* at pp. 2-4).[1]

On October 20, 2025, Defendant filed the instant motion for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies before filing suit (*see generally* Doc. 31). Defendant avers that Plaintiff neither fully exhausted any grievance related to his failure to protect claim nor identified Defendant in any relevant, exhausted grievance (*Id.*). Even though Defendant provided notice of the potential consequences of Plaintiff's failure to respond to Defendant's motion (*see* Doc. 32), Plaintiff did not file a response to Defendant's motion.

## LEGAL STANDARD

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court views the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to

---

[1] Plaintiff's Complaint also sought to raise his failure to protect claim against Sergeants Chambers and Garner (*see* Doc. 1). However, those two individuals were dismissed in the Court's Merit Review Order because the Complaint failed to state a claim against them (*see* Doc. 15 at pp. 3-4).

determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has held that disputed factual questions can and should be resolved by the judge (rather than a jury) as a preliminary matter in an evidentiary hearing known as a "*Pavey* hearing." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). Nhen a prisoner does not raise sufficient factual allegations to demonstrate a genuine dispute of material fact, then no evidentiary hearing is necessary. *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) (citing *Smallwood*, 59 F.4th at 318). Here, as explained in detail below, there are no material issues of fact that require a hearing to resolve.

## DISCUSSION

### A.  EXHAUSTION REQUIREMENTS

The Prison Litigation Reform Act specifies that "[a] prisoner may not bring a federal suit about prison conditions unless he first has exhausted all available administrative remedies." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011) (citing 42 U.S.C. § 1997e(a)). A remedy has not been exhausted if the prisoner has failed to abide by the procedures for pursuing relief. *Id.* Thus, to properly exhaust one's administrative remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

However, an inmate is not required to exhaust administrative remedies that are not actually available to him. *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016)

("Remedies that are genuinely unavailable or nonexistent need not be exhausted."). The Seventh Circuit has "found remedies unavailable in a number of instances in which the inmate, through no fault of his own, could not have accessed the grievance procedure." *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018); *see, e.g.*, *Ramirez v. Young*, 906 F.3d 530, 537 (7th Cir. 2018) (grievance procedure was unavailable where prisoner was not notified of their existence because of his lack of English proficiency). Additionally, failure to exhaust is an affirmative defense that the defendants carry the burden of proving.[2] *Ramirez*, 906 F.3d at 533. "To meet their burden, the defendants must show beyond dispute that remedies were available." *Id.* at 534.

## B. UNDISPUTED FACTS

The facts established by Defendant, which are uncontested and thus, deemed admitted, are as follows: St. Clair County Jail has a two-step grievance procedure (Doc. 31 at pp. 5-6; *see also Id.* at pp. 94-96). That process first requires a detainee to file an electronic complaint on a kiosk within 48 hours of the incident (*Id.* at p. 95). That initial electronic complaint "must list the date, time, and location of the complaint. If the complaint involves an Officer the name of the Officer or Officers must also be listed." (*Id.*). If a detainee is not satisfied with the response to his complaint, he must then proceed

---

[2] In most instances, when considering a motion for summary judgment based upon a prisoner's alleged failure to exhaust his or her administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015) (citing *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)). *Accord Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). However, an evidentiary hearing is not necessary when there are no material factual disputes. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only a legal question"). Here, the Court is able to rule upon Defendant's motion without conducting a hearing because there are no material issues of fact that require a hearing to resolve. *See Robinson v. Budde*, No. 18-CV-6998, 2021 WL 1722857, at *4 (N.D. Ill. Apr. 30, 2021) ("Since the parties agree on the facts, there is no need for a hearing.").

to the second step by filing a formal grievance within 48 hours of receiving an unsatisfactory response (*Id.* at pp. 95-96). That grievance must explain why the previous response was unsatisfactory (*Id.* at p. 96). Thereafter, once the grievance is addressed, answered, and returned to the detainee, it is considered closed and the detainee has exhausted his administrative remedies as to that grievance (*Id.*).

The jail's grievance records demonstrate that Plaintiff submitted 27 first step complaints between February 2, 2025, and June 3, 2025 (*Id.* at pp. 7-8; *see also Id.* at pp. 26-53). Yet, as the jail's records demonstrate, none of those complaints challenged or even discussed Plaintiff's failure to protect claim related to his placement in L Block (*Id.*). Likewise, none of those complaints referenced Defendant by name, description, or otherwise alluded to an individual who might have been Defendant (*Id.*).

Similarly, Plaintiff completed the second step of the jail's exhaustion process on 7 occasions between February 2, 2025, and June 3, 2025, by submitting a formal grievance on each occasion (*Id.* at pp. 8-9; *see also Id.* at pp. 54-61). Again, however, none of those formal grievances challenged or discussed the alleged failure to protect Plaintiff based upon his placement in L Block (*Id.*). Moreover, none of those formal grievances identified, referenced or otherwise alluded to Defendant (*Id.*).

## C. ANALYSIS

Dispositively, Plaintiff did not fully exhaust any grievance that identified the failure to protect claim he is proceeding upon in this action (*see* Docs. 1, 15, 31). In addition, neither Plaintiff's formal grievances nor his electronic complaints identified or

attempted to identify Defendant (*see* Doc. 31 at pp. 26-61). Both of these shortcomings are fatal to Plaintiff's claim against Defendant.

As an initial matter, the Court finds that the exhaustion process was available to Plaintiff. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (Explaining that "[b]ecause the PLRA does not say when a process is 'available,' the court must apply the ordinary meaning of the term."). This determination is clearly demonstrated by Plaintiff's filing of dozens of complaints and 7 formal grievances between February 2, 2025, and May 14, 2025 (*see* Doc. 31 at pp. 26, 54). In other words, Defendant has provided ample records demonstrating the process's availability and Plaintiff has not responded or contested this point (*Id.*). Therefore, because the process was available to Plaintiff, he was required to utilize and exhaust his administrative remedies through that process. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process.").

Tellingly, however, Plaintiff did not exhaust his administrative remedies related to his claim that Defendant failed to protect him by placing or leaving him in L Block. In fact, neither Plaintiff's formal grievances filed at the second step nor his informal complaints filed at the first step make any mention of his failure to protect claim (*see generally* Doc. 31 at pp. 26-61).[3] Admittedly, one formal grievance dated February 13, 2025, alleges that Plaintiff was threatened by an inmate after officers indicated they had no one

---

[3] The Court has reviewed all of the complaints and formal grievance records that Plaintiff has submitted (*see generally* Doc. 31 at pp. 26-61). However, because most of those records quite clearly involve matters entirely unrelated to Plaintiff's claim in this action, the Court's discussion focuses on only those records which could conceivably be related to Plaintiff's failure to protect claim.

man cells available to place him in (*Id.* at p. 56). However, even if it is assumed that grievance was properly exhausted,[4] the contents of that grievance makes it clear that Plaintiff was challenging his placement in a cell in the AB Block related to a threat he received the following morning (*Id.*). Put another way, it by no means provided prison officials with notice of Plaintiff's claim that Defendant failed to protect him by placing him in L Block. *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

Plaintiff filed two other grievances related to the February 11th attack, but both of those grievances also failed to identify his instant failure to protect claim. For example, Plaintiff's grievance dated March 18, 2025, requests the incident report from that attack and asks for a background check, but it makes no mention whatsoever of the alleged failure to protect him from that attack prior to its occurrence (Doc. 31 at p. 57). Likewise, a grievance Plaintiff filed on February 13, 2025, challenges the medical care Plaintiff received following the attack but again does not challenge the failure to protect him from that attack (*Id.* at p. 55). Ultimately, by failing to exhaust any grievance that identified his instant claim, Plaintiff did not comply with the jail's grievance process (*see Id.* at pp. 62-132) or the Seventh Circuit's claim identification requirements. Consequently, Plaintiff failed to exhaust his administrative remedies regarding his failure to protect claim.

---

[4] It is not clear that Plaintiff filed an informal complaint before submitting this grievance and it appears likely the jail denied his grievance for that very reason (*see* Doc. 31 at p. 56). However, the Court declines to consider or address this issue further because of the Court's other conclusions related to Plaintiff's failure to exhaust.

Moreover, even if the Court had found that one of Plaintiff's grievances had identified the issue raised in his Complaint, Plaintiff still failed to exhaust his claim against Defendant Lanzante because none of Plaintiff's grievances identified or even alluded to Defendant (*see Id.* at pp. 26-61). St. Clair County Jail's grievance procedure requires that "all complaints must list the date, time, and location of the complaint. If the complaint involves an Officer **the name of the Officer or Officers must also be listed**." (*Id.* at p. 95) (emphasis added). Put simply, the Court has reviewed Plaintiff's grievances and complaints and cannot find any reference to Defendant, whether by name, job title, or other identifying information (*see Id.* at pp. 26-61). Plaintiff's February 13th grievance challenging his placement in the AB Block does reference one female officer and "another officer." (*Id.* at p. 56). However, that vague reference does not provide the specificity required by the St. Clair County Jail (*see* at p. 95). Moreover, as discussed above, it relates to a different incident and date, such that it could not possibly have notified the jail that Defendant Lanzante was its intended target.[5] *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014) ("The grievance has a fatal defect, but it lies elsewhere; it lies in the absence of anything in it to indicate that Davis was the target.").

For all of these reasons, the Court concludes that Plaintiff failed to exhaust his administrative remedies as to his instant claim against Defendant. Accordingly,

---

[5] In fact, even if the jail had taken additional steps to try to identify the other unnamed officer, it would not have led them to Defendant Lanzante because underlying records discussing Plaintiff's move to the AB Block identify three officers involved in the decision to move Plaintiff to the AB Block, none of whom were Defendant (*see* Doc. 31 at pp. 134-35).

Defendant's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 31) is **GRANTED.**

## CONCLUSION

Defendant Christopher Lanzante's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 31) is **GRANTED** and this action is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

**DATED: July 1, 2026**

**MARK A. BEATTY**
**United States Magistrate Judge**

## NOTICE

Plaintiff is advised that this is a final decision ending his case in this Court. If Plaintiff wishes to contest this decision, he has two options: he can ask the undersigned to reconsider the Order or he can appeal to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal in the district court *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard). The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

On the other hand, if Plaintiff wants to start with the undersigned, he can file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), but such a motion is not required to preserve his appellate rights. Any Rule 59(e) motion *must* be filed within twenty-eight (28) days of the entry of judgment. FED. R. CIV. P. 59(e), and the deadline *cannot* be extended. *See* FED. R. CIV. P. 6(b)(2). Any motion must also comply

with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010) ("This court has held that otherwise timely skeletal motions that fail to satisfy the requirements of FED. R. CIV. P. 7(b)(1) do not postpone the 30–day period for filing a notice of appeal . . . .").

So long as the Rule 59(e) motion is in proper form and filed no later than 28 days after the judgment is entered, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the motion is ruled on. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal, and the clock will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, the deadline for filing a notice of appeal can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.